### EX PARTE, NORRIS, STODDER, & CO.

1. Where a plaintiff dies before the return of a writ of error, the writ abates; and can only be revived by the representative of the deceased filing the writ, and transcript of the record, in the appellate Court.

2. If the plaintiff dies before the return of the writ of error, the defendant cannot suggest his death, and move for an affirmance of the judgment, on producing a certificate or citation; for there is nothing in Court on which the suggestion, may be founded; and the consent of the personal representative to be made a party, if the writ is not filed, cannot authorize a judgment of affirmance.

3. If a writ of error is not prosecuted to the return term, it abates by operation of law; and if the plaintiff in error has died, the judgment may be revived, or the bond for the prosecution of a writ of error, may be put in suit.

THE counsel for Norris, Stodder, & Co., presented to the Court the certificate of the clerk of County Court of Sumter, in conformity to the statute, stating that they had recovered a judgment in that Court against one Joel W. Winston; and that

Winston, on, &c., sued out a writ of error to this Court, and executed a bond, with sureties, &c. The counsel then suggested that, since the suing out of the writ of error—plaintiff in error had died, and that Elizabeth E. Winston was the administratrix of his estate; and an attorney of this Court stated that he was authorised by Mrs. Winston, to make her a party to the writ of error, in the place of her intestate. Thereupon, Messrs Norris, Stodder, & Co., by their counsel, moved the Court for a judgment of affirmance, against the administratrix, and the sureties in the writ of error bond.

Boyd, for the plaintiff in error.

COLLIER, C. J.—By the first section of the act of 1820, "concerning writs of error," it is enacted, that the clerks of the Circuit Courts in this State, respectively, shall issue writs of error, returnable to the first day of the next term of the Supreme Court, and upon the suing out of a writ of error, shall issue a citation, to be served on the opposite party, or his attorney, and returned to the office of the clerk issuing it. *And further*, the citation and a transcript of the record, shall be delivered to the party, applying for the writ of error, or his attorney to be returned to the first day of the next term of the Supreme Court; "and, in case the transcript of the record in the cause below, *and the assignment of errors*, should not be delivered to the clerk of the Supreme Court, on or before the third day of the term, to which the writ of error shall be returnable, it shall be lawful for the Supreme Court, at that term, or at any term thereafter, on motion of the defendant in error, or his attorney, and on producing a copy of the citation," &c., "or on producing a certificate from the clerk of the Court, from which the writ of error issued," &c., to affirm the judgment of the Circuit Court, with costs of suit;" unless, &c. (Aik. Dig. 256.)

By the 23d section of the act of 1821, "to repeal in part, and amend an act entitled an act, to regulate the proceedings in the Courts of law, and equity in this State;" it is provided, that writs of error shall lie from the County to the Circuit, or Supreme Court, in the same manner, as from the Circuit to the Supreme Court. (Aik. Dig. 246.)

Our statutes, in respect to the abatement of suits, authorize their revival, (in case the cause of action by law survive,) where either of the parties shall die before final judgment, in the name of the executor or administrator of the deceased party. [Aik. Dig. 259.]

If a plaintiff in error dies, between the time of the suing out and return of the writ of error, the writ abates; and the proceedings can only be revived upon the *representative* of the deceased filing the writ of error and transcript, in this Court; for until this is done, there is no suit pending here, in which the Court would be authorized to entertain a suggestion of the plaintiff's death. The statute authorizes only the plaintiff, or his attorney to apply for, and obtain, and file the transcript, yet, if he dies, his executor or administrator, who succeeds to the management of his interests, must be permitted to prosecute a writ of error, which he had sued out.

The production of the citation, or certificate here, by the defendant in error, does not bring the suit commenced by the deceased plaintiff, into Court; these are only intended to authorize a judgment of affirmance, where there is a default in the prosecution of the writ of error. Such being the purpose to be effected by them, they cannot be recognized, either severally, or together, as constituting a suit, on which the plaintiff's death can be suggested.

In the case before us, it is true, the administratrix voluntarily proposes to permit herself to be made a party in the stead of her intestate. Her consent, it is conceived, cannot vary the law in this respect. The citation or certificate only authorizes a judgment against the party suing out the writ of error; and to enable us to exercise jurisdiction in case of his death, it is indispensable that the transcript should be brought into Court, in the manner the statute directs.

Where the party suing a writ of error dies, it is then allowable for his representative to prosecute it: but if it is not prosecuted to the return term, it abates ; and the plaintiff below may revive his judgment, or he may, if a bond has been given for the prosecution of the writ of error, bring his action against the sureties.

The motion of the defendant in error is consequently denied.