CHARLES AUSTIN *vs.* LAMAR FIRE INSURANCE COMPANY.

The omission of the signature of the clerk of a court of this Commonwealth to an original writ issued from his office under the seal of the court is a defect which may be amended.

CONTRACT on a policy of insurance. The writ, dated January 7, 1871, was that day issued from the superior court under its seal, returnable to the ensuing March term, and bore the signature of Asahel Huntington as clerk of the court, who had signed it at some time prior to September 1870, in which month he died. Alfred A. Abbott was duly appointed and qualified as clerk of the court, in the place of Huntington, on September 27, 1870, and continued to hold the office on January 7, 1871. The defendants entered a special appearance at March term 1871, and at the same term the plaintiff moved for leave to amend the writ by adding the signature of the clerk.

The parties stated the foregoing case to *Lord*, J., who with their consent reported it for the determination by this court of the question whether the defect was capable of amendment; if so, the amendment to be allowed, but if otherwise, the writ to be dismissed.

*J. Q. A. Brackett*, for the plaintiff, cited *Davenport* v. *Holland*, 2 Cush. 1, 12; *McIniffe* v. *Wheelock*, 1 Gray, 600; *Crafts* v. *Sikes*, 4 Gray, 194; *People* v. *Steuben*, 5 Wend. 103; *Sawyer* v. *Baker*, 3 Greenl. 29; *Clark* v. *Hellen*, 1 Ired. 421; *Cartwright* v. *Chabert*, 3 Tex. 261; *Foot* v. *Knowles*, 4 Met. 386, 391; *Nash* v. *Brophy*, 13 Met. 476; *Ripley* v. *Warren*, 2 Pick. 592; *Hawkes* v. *Kennebeck*, 7 Mass. 461, 463; *United States* v. *Hanford*, 19 Johns. 173; *Brown* v. *Aplin*, 1 Cowen, 203; *Ross* v. *Luther*, 4 Cowen, 158; *Converse* v. *Damariscotta Bank*, 15 Maine, 431; *Pepoon* v. *Jenkins*, Coleman, 55; *Whiting* v. *Beebe*, 7 English (Ark.) 421, 537; *Wibright* v. *Wise*, 4 Blackf. 137; *McCormick* v. *Meason*, 1 S. & R. 92, 97; *Burton* v. *Pettibone*, 5 Yerger, 443.

*S. Bancroft*, for the defendants, besides authorities cited for the plaintiff, referred to the Const. of Mass. part 2, *c.* 6, art. 5

Gen. Sts. *c.* 123, §§ 9, 17 ; *Hall* v. *Jones*, 9 Pick. 446 ; *Stevens* v. *Ewer*, 2 Met. 74 ; *Dearborn* v. *Twist*, 6 N. H. 44 ; *Lovell* v. *Sabin*, 15 N. H. 29, 37 ; *Riggs* v. *Bagley*, 2 Greene (Iowa) 383 ; *Foss* v. *Isett*, 4 Greene (Iowa) 76 ; *Williams* v. *Vanmetre*, 19 Ill. 293 ; *Stayton* v. *Newcomer*, 1 English (Ark.) 451; *Buchanan* v. *Kennon*, Cameron & Norwood, 476 ; *Smith* v. *Affanasieffe*, 2 Rich. 334 ; *Hickam* v. *Larkey*, 6 Grat. 210 ; *Pendleton* v. *Smith*, 1 West Virg. 16 ; *Evans* v. *Jones*, 2 B. & S. 45.

AMES, J.   It is required, both by the Constitution and statutes of this Commonwealth, that every original writ should be under the seal of the court from which it issues, should bear test of the first justice of the court in which it is returnable, and should be signed by the clerk of that court.   This writ was issued without the signature of the clerk, and for that reason is liable to be abated or dismissed.   The only question is whether it must necessarily be so disposed of, or whether, in the exercise of the discretion allowed by modern legislation in regard to the effect of errors in matters of form, the court can allow this particular defect to be cured by an amendment.

Some of the cases cited by the defendants go so far as to import that a writ not having the signature of the clerk is a void process, or a mere nullity, incapable of being made good by any amendment.   This, however, can hardly be correct, inasmuch as the same cases hold that this very defect in an original writ becomes wholly immaterial, and is to be considered as waived or remedied, if the defendant answers upon the merits, instead of pleading in abatement or moving to dismiss.   *Lovell* v. *Sabin*, 15 N. H. 29, 37.   See also *Smith* v. *Smith*, Ib. 55, 66.   This court has decided that a writ will not be quashed for a mere error in the test, after a general demurrer.   *Ripley* v. *Warren*, 2 Pick. 592. In the language of the court, " nothing can be more precisely a matter of form than the test of a writ, although it was thought important enough to be provided for in the constitution of the state."   It was also declared to be " mere form," in *Hawkes* v. *Kennebeck*, 7 Mass. 461, 463.   And in *Nash* v. *Brophy*, 13 Met. 476, it was decided that a mistake in the test of the writ may be cured by amendment at any stage of the cause.

In *Foot* v. *Knowles*, 4 Met. 386, 391, it was decided that a writ not under the seal of the court was not therefore void, but that an objection by motion in arrest of judgment on that ground, "if otherwise well founded," is merely formal, affecting the regularity of the process only, and comes too late, if not made till after the defendant had pleaded to the merits. In New York, it was held by the supreme court, that, where the seal of the court had been omitted, or the seal of another court attached, the error might be corrected by an amendment. *People* v. *Steuben*, 5 Wend. 103. This has been allowed in Maine, in the case of an execution, after it had been extended upon land and the extent recorded. *Sawyer* v. *Baker*, 3 Greenl. 29. And it seems to be well settled that the want of the clerk's signature to a judicial writ may be considered as an error of the court's own officer, and open to correction. See cases cited in *Sawyer* v. *Baker*.

We are not aware of any reason for considering the signature of the clerk more essential, under the constitutional provision, than the seal and the test, to the validity of the writ. His signature is the official authentication of the seal of which he is the keeper; but no question is raised as to the genuineness of the seal, or the identity of the court in which the plaintiff is seeking his remedy, and there is also no question that the writ was originally obtained at the office of the clerk. The omission of the proper signature has been treated as a clerical omission, which the court could cause to be supplied. *McCormick* v. *Meason*, 1 S. & R. 92, 97. It was held in New York, that a writ, which had issued and been served without any signature by the clerk of the court to which it was returnable, was not void, but was capable of being amended by the clerk's putting his signature thereto after it was returned. *Pepoon* v. *Jenkins*, Coleman, 55.

But perhaps the most satisfactory view of the case is to be derived from the Gen. Sts. *c.* 129, § 40, which provide that "no action shall be defeated by plea or answer in abatement, if the defect found is capable of amendment, and is amended on terms prescribed by the court." We do not see why this defect is not capable of amendment. The defendants are not misinformed as to the court in which they were to appear, or the cause of action

for which the suit was intended to be brought, and the proposed amendment will not cut them off from a full defence upon the merits. The power of the court, in the matter of amendments of civil process, under the statute, is very general and comprehensive, and in the correction of circumstantial errors and mistakes is wholly unrestricted, in cases where the person and case may be rightly understood by the court. *Crafts* v. *Sikes*, 4 Gray, 194. We think that the proposed amendment may be allowed in this case, without going beyond the license allowed by the statute, or transcending the principles laid down in *McIniffe* v. *Wheelock*, 1 Gray, 600, and the cases there cited. It appears to us that any defect or omission of a formal character, which would be waived or remedied by a general appearance or answer upon the merits, may be treated under our present statutes as a matter which can be remedied by amendment; and that the mistake in this case is one of that description.     *Amendment allowed.*