HARRIET W. HARRINGTON *vs.* WILLIAM CONOLLY & wife.

Hampshire. Sept. 18. — Oct. 11, 1873. WELLS & DEVENS, JJ., absent.
Sept. 16. — Oct. 24, 1874. WELLS & MORTON, JJ., absent.

A writ of dower, made in the form of a writ of summons and attachment, may be served by a nominal attachment of the tenant's goods or estate and delivering a summons to him.

Under the St. of 1869, c. 418, if an interlocutory judgment is rendered that the demandant recover her dower and her damages for the detention thereof as assessed by the jury to that time, and commissioners are appointed to set off the dower, the demandant is entitled to further damages to the time of final judgment upon the report of the commissioners.

WRIT OF DOWER, commanding the officer to attach the goods or estate of the tenants, and summon them to appear and answer at October term, 1872, of the Superior Court. The officer returned that he had attached a chip, the property of the tenants, and "summoned them to appear and answer at court as within directed by giving them each a summons in hand." The tenants, appearing specially for the purpose, moved to dismiss the action, "because the service of said writ was defective and insufficient, and because they have not been duly summoned to appear and answer thereto." *Brigham*, C. J., overruled the motion, a trial was had at February term, 1873, resulting in a verdict for the demandant, with damages in the sum of $127, judgment was awarded that the demandant recover her dower and for the damages so assessed, and the tenants alleged exceptions, which were argued at September term, 1873.

*D. W. Bond*, for the tenants.

*C. Delano*, for the demandant.

GRAY, C. J.   A writ of dower is an original writ.   By the earlier statutes of the Commonwealth, the form prescribed was that of a writ of original summons, and the service might be by an attested copy or by reading.   Sts. 1783, c. 40, § 3 ; 1797, c. 50, § 2.   In practice, however, it was often made in the form of a writ of *capias* and attachment, or — inasmuch as a *capias* was of no value, because by the St. of 1795, c. 75, it was provided that if the tenant was arrested in a real action, his own bond only should be required for his appearance to answer the same — of summons and attachment, in order to obtain security for the costs.   Stearns on Real Actions, 200.   Howe's Pract. 77.   But the Revised Statutes provided, and the General Statutes have reënacted, that original writs may be framed, either to attach the goods or estate of the defendant, or for want thereof, to take his body ; or as an original summons, either with or without an order to attach the goods or estate ; that when goods or estate are attached, on either of such writs, there shall be a separate summons, to be served on the defendant after the attachment, and the service thereof shall be deemed a sufficient service of the original summons ; and that when there is a separate summons to be served after an attachment of goods or estate, it shall be served by delivering it to the defendant, or by leaving it for him as afterwards directed in the statutes ; and when there is an original summons without an attachment, the summons shall be served by reading the same to the defendant, or by delivering to him an attested copy, or by so leaving such copy for him ; and have made no special provisions as to the form or service of a writ of dower. Rev. Sts. c. 90, §§ 3, 4, 39 ; c. 102.   Gen. Sts. c. 123, §§ 10, 11, 23; c. 135.   Since the statutes have restricted the right of arrest on mesne process, it has become a common practice to strike out of writs the command to take the body ; and the tenant in this case has not raised any objection to the form of the writ, either by his motion to dismiss or by plea in abatement.   As the writ contained a command to attach the property of the tenants, a separate summons to each tenant was proper, and the service returned by the officer was legal, although he delivered to each of the tenants the original of such a summons, and not an attested copy thereof.                                    *Exceptions overruled.*

At October term, 1873, of the Superior Court, commissioners were appointed to set out the demandant's dower. The parties did not agree that the commissioners might assess damages for the detention of dower. At September term, 1874, of that court, the commissioners having returned their assignment of dower, it was duly affirmed. The demandant then moved for a further assessment of damages for the detention of dower since the first assessment. The tenants objected to any further assessment. But *Aldrich*, J., overruled the objection, and (the parties waiving any right to have the additional damages assessed by the jury, but reserving the tenants' objection to any second assessment at this term) assessed further damages as claimed by the demandant in the sum of $175. The tenants alleged exceptions.

*D. W. Bond*, for the tenants.

*C. Delano*, for the demandant.

GRAY, C. J. Under the earlier statutes of the Commonwealth, the judgment that the demandant recover her dower was the final judgment in the case; the damages were assessed by the jury in their verdict upon the principal issue, or by the court upon default or on the agreement of parties, and were included in that judgment; a direction to collect them was inserted in the same writ of execution which commanded the officer to deliver seisin of her third of the premises to the demandant; that third was set off by three persons appointed by the officer, and their doings were returned to the court, not with a view to further judicial action, but merely to preserve the evidence of them, like the certificate of appraisers and other proceedings in the levy of an ordinary execution upon real estate. St. 1783, *c.* 40. Rev. Sts. *c.* 102, §§ 3, 6. Jackson on Real Actions, 312. Stearns on Real Actions, 311. *Libbey* v. *Swett*, Story Pl. 365, 366. *Perry* v. *Goodwin*, 6 Mass. 498. Under those statutes, it is hard to see how damages could have been assessed in the same action for any period after the judgment for recovery of dower.

But by the existing statute, the judgment that the demandant is entitled to her dower is but interlocutory; the dower is to be set out by three commissioners appointed by the court; the damages are to be assessed, either by a jury under the direction of the court, or, if the parties so agree, by the commissioners; it is only after the return of the doings of the commissioners has been con

firmed by the court, that final judgment is to be rendered; and "the demandant shall have execution for the damages assessed, either by the jury or the commissioners, after judgment is rendered therefor." St. 1869, *c.* 418. The statute does not limit the period for which damages shall be assessed, either by the jury or the commissioners; and we are of opinion that it should extend to the time of final judgment.

This rule does the most complete justice between the parties, and corresponds to that which prevailed in England before our Revolution, when the husband died seised of the premises, in which case the St. of Merton, (20 H. III.) *c.* 1, provided that the widow should have the whole value of her dower to the day that, by the judgment of the court, she should recover seisin therefor. 2 Inst. 80. The practice was, after judgment for the recovery of dower, to assess the damages by a jury on a writ of inquiry; and they were held to be rightfully assessed, not merely to the time of the first judgment, but to the time of the return of the writ of inquiry, unless the demandant was already in possession by virtue of an execution awarded on the first judgment. *Walker* v. *Nevil*, 1 Leon. 56. *Thynne* v. *Thynne*, Co. Lit. 32 *b* note. *Dobson* v. *Dobson*, Cas. temp. Hardw. 17; *S. C.* 2 Barnard. 180, 207, 443.

The demandant was therefore entitled to damages to the time of the final judgment. If the parties had agreed that the damages might be assessed by the commissioners, they would have been assessed in one sum for the whole period. No such agreement having been made, damages were assessed by a jury, but only to the time of the interlocutory judgment. The damages for the remainder of the period, not having been assessed either by the commissioners or by a jury, might be assessed by another jury if either party so desired, or, upon the agreement of both parties, as in this case, by the court, and added to those already assessed. *Exceptions overruled.*