### SAMUEL E. WILBUR *vs.* DEBORAH RIPLEY.

Bristol. Oct. 24, 1877. — June 27, 1878. LORD & SOULE, JJ., absent.

A writ of entry, in the form of a writ of summons and attachment, and on which an attachment is actually made, must, by the Gen. Sts. c. 123, §§ 11, 23, be served by delivering to the defendant or leaving at his last and usual place of abode an original summons; and a service by copy will not support a judgment against him on default.

WRIT OF ERROR to reverse a judgment of the Superior Court, rendered upon the default of the plaintiff in error, on a writ of entry brought against him by the defendant in error, in the form of a writ of summons and attachment, on which the return of the officer was that he had attached all the defendant's real estate in the county and had afterwards summoned him to appear and answer by leaving a true and attested copy of the writ at his last and usual place of abode. Error assigned, the insufficiency of such service. Plea, *in nullo est erratum.*

*E. Ames*, for the plaintiff in error.

*J. Brown*, for the defendant in error.

GRAY, C. J. The statutes of the Commonwealth have made a distinction, in the mode of service, between a writ of original summons and a writ of summons and attachment. In the case of a writ of original summons, containing no order for an at-

tachment, service may be made by reading the summons to the defendant, or by delivering to or leaving for him a copy thereof, attested by the officer. But when the form of the writ is such as not merely to summon the defendant to answer the action, but to order an attachment which is an incumbrance upon his property and restricts the alienation thereof, he is entitled to receive an original summons under the seal of the court, and no other service is sufficient to make the judgment binding upon him, unless he appears generally, and thereby waives any defect in the service. Gen. Sts. *c.* 123, §§ 10, 11, 23. See also Rev. Sts. *c.* 90, §§ 3, 4, 39; St. 1797, *c.* 50, §§ 2, 3 ; Prov. St. 1700–1, (13 W. III.) *c.* 20 ; 1 Prov. Laws, (State ed.) 448 ; Anc. Chart. 358.

In a real action, in which damages are not claimed, the writ is usually in the form of a writ of original summons, and the service is properly made by copy. But, in accordance with an ancient colonial statute which provided that it should " be the liberty of every plaintiff to take out either summons or attachment against any defendant," it has long been the practice for the demandant, at his election, to take out a writ in the form of a summons and attachment, when he desires security for costs ; and there is peculiar reason to do so, when he demands damages, since the statutes have allowed mesne profits to be recovered upon a writ of entry. Mass. Col. Laws, (ed. 1660) 4 ; (ed. 1672) 7 ; Anc. Chart. 49. Stearns on Real Actions, (1st ed.) 92, 200. *Harrington* v. *Conolly,* 116 Mass. 69. Gen. Sts. *c.* 123, § 32; *c.* 134, § 13.

In a real, as in a personal action, when the plaintiff or demandant elects to take out his writ in a form which authorizes an attachment of the defendant's property, he must have an original summons served upon the defendant, at least when he causes an actual attachment to be made, and perhaps even if he does not. See *Peabody* v. *Hamilton,* 106 Mass. 217 ; *Harrington* v. *Conolly,* above cited ; *Blanchard* v. *Day,* 31 Maine, 494, 496.

The writ in the case before us having been in the form of a summons and attachment, and an attachment having been made thereon, the service by copy was insufficient to support the judgment rendered upon default.                    *Judgment reversed.*