ABRAHAM SANBORN *vs.* DANIEL STICKNEY.

Penobscot.    Opinion April 19, 1879.

*Writ. Service.*

</div>

Where a defendant was described in the writ as of Lee, in Penobscot county, and the officer declared in his return that he left a summons for him at his last and usual place of abode in Kennebec county, the service was not good.

The summons must be left at his last and usual place of abode in the State.

If such action be entered and defaulted, without appearance upon the part of the defendant, an action upon the judgment cannot be sustained.

ON FACTS AGREED.

DEBT upon a judgment.

*A. Sanborn,* for the plaintiff.

*L. Barker, T. W. Vose & L. A. Barker,* for the defendant.

PETERS, J.   The case presents these facts :   The plaintiff on the seventh of December, 1858, sued out a writ against the defendant, describing him of Lee, in Penobscot county.   On the eighteenth of the same month the sheriff of Kennebec county made a nominal attachment on the writ, and declared that he served the writ upon the defendant by leaving a summons for him " at his last and usual place of abode in Kennebec county."   The action was entered at the January term of court, 1859, in Penobscot county, when it was defaulted without any appearance for the defendant.   Nothing else appears touching the matter until the present action of debt upon the judgment in that case was instituted by writ dated April 5, 1877.

The question is, whether in the former action a jurisdiction was obtained of the person of the defendant such as would make the judgment valid.   Does it sufficiently appear that a summons was

left at the defendant's "place of last and usual abode." The point taken in the defense is, that "his last and usual place of abode in Kennebec county" would not be his "place of last and usual abode" in the State. We concur in that interpretation of the officer's return. The presumption is that the defendant was at the time dwelling in Penobscot county. The plaintiff in his writ so declared. All the officer certified may be true and no service be made. The officer would not be liable for making a false return. But he made an indefinite, equivocal and insufficient return. It must be certain that a defendant has been legally notified, before judgment can properly go against him.

It may not be easy to define with exactness the words of the statute. In Massachusetts there have been decisions that a person might have in that state a place of last and usual abode for the service of process, although having once been an inhabitant in the state he had removed therefrom. *Wright* v. *Oakley*, 5 Met. 400. *Morrison* v. *Underwood*, 5 Cush. 52. And in *Tilden* v. *Johnson*, 6 Cush. 354, it was held that one who lived in that state until 1841, and then removed to another state where he continued to reside until 1843, still had a last and usual place of abode in the former state. Our statutes upon the subject of notice to defendants have never been broad enough to admit of such a construction. An absent defendant, who has his permanent home and residence out of this state, cannot be considered as having his domicile here. But the law of this state assumes that every man has a domicile somewhere, either in or out of the state, where process may be served upon him. Once having a domicile, it remains until another is obtained. It remains while the person to whom it pertains is temporarily absent or is moving about from place to place. The word domicile in this connection has a more enlarged meaning than the word residence under the pauper laws. *Holmes* v. *Fox*, 19 Maine, 107. *Littlefield* v. *Brooks*, 50 Maine, 475. In this case the defendant's last dwelling place was his "place of last and usual abode." The law proceeds upon the supposition that, until a new domicile is established, a man will have at the domicile he has left " some person enjoying his confidence, careful of his interests, and charged with his concerns, who will

give him actual notice " of any civil process that may be left for him at such place. *Ames* v. *Winsor*, 19 Pick. 248. With these views entertained by courts and familiar to officers, we think the sheriff of Kennebec county intended by his return only to declare that he left a summons for the defendant where he last and usually resided when he was in that county, taking no responsibility to ascertain or decide whether it was his place of last and usual abode in this state or not. The law requires more than that to constitute a legal service. The case of *Ames* v. *Winsor* (cited above) has important weight upon the point here presented. There the defendant was described in the writ as of Duxbury, but then commorant of Boston. The officer returned that he had left a summons for the defendant " at his last and usual place of abode known to me in this city (Boston)." The service was deemed to be insufficient, because, notwithstanding the declaration of the officer, the defendant was presumed to have a residence in Duxbury as alleged in the writ.

In an action on a judgment this defense is admissible to defeat the action. *Davis, ex parte*, 41 Maine, 38. *Weeks* v. *Penobscot R. R.*, 52 Maine, 456. *Eastman* v. *Wadleigh*, 65 Maine, 251. *Waterville Iron Man. Co.* v. *Goodwin*, 43 Maine, 431. *Langdon* v. *Doud*, 6 Allen, 423. *Fitzgerald* v. *Salentine*, 10 Met. 436. *Wilbur* v. *Ripley*, 124 Mass. 468.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.