GEORGE CURRAN *vs.* WILLIAM BURGESS.

Bristol.    October 29, 1891. — November 27, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Judgment — Death of Co-defendant — Entry nunc pro tunc — Writ of Error.*

If a judgment is recovered in the Superior Court against five defendants, of one of
whom the court has no jurisdiction, and of the other four, against whom judg-
ment should have been rendered, two die, so that a reversal of the former judg-
ment would leave the original plaintiff remediless, since the statute of limitations
would bar a new action, this court may, on a writ of error, under the Pub. Sts.
c. 187, § 2, and c. 153, § 20, order a judgment to be entered in that court against
such other four defendants, *nunc pro tunc,* as of the time, as nearly as may be,
when it should have been rendered against them.

WRIT OF ERROR, to reverse a judgment of the Superior
Court.

At the hearing, before *Knowlton,* J., it appeared that Wil-
liam Burgess, the defendant in error, brought an action against
George Curran, the plaintiff in error, Thomas Curran, Samuel
Ramsbottom, Joseph Simpson, and Lawrence Fielding, on a joint
promissory note dated September 21, 1874, and made payable
to the Currans, and indorsed by them, and signed by the three
last named; that on October 16, 1890, judgment was entered in
the Superior Court in favor of Burgess against all five of these
defendants; that at the time the action was brought and at the
entry of judgment Ramsbottom was not an inhabitant or resi-
dent of this Commonwealth, and had no attachable property
here, and no personal service was made upon him, the only
service upon him being by publication; that due and sufficient
service was made on all the other defendants; that Thomas
Curran and Joseph Simpson had died since the entry of judg-
ment and before the petition for this writ of error was brought,
neither leaving any property, and no administration had been
taken out on the estate of either; that the defendant in error
was willing to discontinue as to both of these and as to Rams-
bottom : that the defendant in error had apparently now no
remedy upon the note upon which the original judgment was
entered, the same being barred by the statute of limitations;

and that an action had been brought by the defendant in error upon the judgment which was still pending.

The plaintiff in error contended that the entry should be either, " Judgment for the plaintiff in error, the former judgment reversed," or simply, " Judgment reversed."

The defendant in error contended that the entry should be, " Judgment reversed, and judgment rendered against the defendants George Curran and Lawrence Fielding for the sum for which the original judgment was rendered, with interest added from the date of the original judgment," or some other entry which shall give to the defendant in error such judgment as the Superior Court should have ordered in the original action.

The judge was of opinion that the defendant in error was right in his contention, but, at the request of the plaintiff in error, reported the case for the consideration of the full court, such entry to be made as law and justice might require.

*M. G. B. Swift,* (*G. Grime* with him,) for the plaintiff in error.
*M. Reed,* for the defendant in error.

ALLEN, J.  The plaintiff in the original action took judgment against five defendants.  Of one of them the court had no jurisdiction.  It is conceded that this judgment was erroneous. *Wright* v. *Andrews,* 130 Mass. 149.  *Stone* v. *Wainwright,* 147 Mass. 201.  By virtue of the Pub. Sts. c. 187, § 2, " When the judgment is reversed, the court shall render such judgment as the Superior Court should have rendered."  The Superior Court should have rendered judgment against the other four defendants in the original action.  Two of these, however, have since died, so that no judgment can now be rendered against them as of the present time ; and the plaintiff in error contends that no judgment can now be rendered, and that nothing can now be done except to reverse the former judgment.  This would leave the original plaintiff, it is said, without remedy, since the statute of limitations would bar a new action.  But we see no difficulty in entering judgment against the other four original defendants, *nunc pro tunc,* as of the time (as nearly as may be) when the Superior Court should have rendered it.  Pub. Sts. c. 153, § 20. *Springfield* v. *Worcester,* 2 Cush. 52.  *Kelley* v. *Riley,* 106 Mass. 339.  *Tapley* v. *Martin,* 116 Mass. 275.  *Tapley* v. *Goodsell,* 122 Mass. 176.  Such judgment will accordingly be rendered.

*Ordered accordingly.*