MYRA H. PERRY *vs*. JOSEPH SAPEILO.

WILLIAM PERRY *vs*. SAME.

Worcester.    September 21, 1936. — May 24, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil*, Amendment, Writ, Commencement of action.

No error appeared in the allowance of a motion to amend a writ by striking out the date thereof and substituting an earlier date, although thereby the plaintiff was able to avoid the defence of the statute of limitations, if there was evidence that the writ was drawn and dated and given tó an officer for service on the earlier date and that afterwards a wrong date was inserted by mistake of the attorney's clerk.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated September 29, 1933.

Motions described in the opinion were allowed by *Broadhurst*, J.    There was a trial and verdicts for the plaintiffs in the sums of $5,965 and $750, respectively.    The defendant alleged exceptions only to the allowance of the motions.

The cases were submitted on briefs.

*F. P. Ryan, J. A. Barnes, Jr., & J. J. O'Shaughnessy, Jr.*, for the defendant.

*A. T. Saunders*, for the plaintiffs.

DONAHUE, J.   These are actions of tort brought to re-
cover damages sustained by the plaintiffs in an automobile
accident which happened on August 27, 1932.   The writs,
when entered in court, bore the date September 29, 1933, a
date beyond the one-year period of limitation on the bring-
ing of such actions fixed by G. L. (Ter. Ed.) c. 260, § 4.
*Ford* v. *Rogovin,* 289 Mass. 549.   The plaintiffs filed motions
to amend the writs by striking out the date September 29,
1933, and substituting the date, August 21, 1933.   Motions
also were filed to amend the sheriff's returns so that the
returns would show diligent search for the defendant, in-
ability to find him and the return of the writs to the attorney
without service on the defendant.   The motions were heard,
on supporting affidavits, by a judge of the Superior Court and
were allowed.   The defendant's exceptions to the allowance
of these motions present the only question before us.

Our courts have been given by statute the power to "allow
any . . . amendment in matter of form or substance in any
process . . ." which will enable a plaintiff to sustain an
action for the cause for which it was intended to be brought.
G. L. (Ter. Ed.) c. 231, § 51.   It has been held a proper exer-
cise of that power to change the date of a writ, *McIniffe* v.
*Wheelock,* 1 Gray, 600, its return day, *Hamilton* v. *Ingraham,*
121 Mass. 562, the place at which it is returnable, *Kimball*
v. *Wilkins,* 2 Cush. 555, the name of a plaintiff, *Pearson* v.
*Bara,* 263 Mass. 502, the name of a defendant, *Shapiro* v.
*McCarthy,* 279 Mass. 425, to insert the amount of the *ad
damnum, Cragin* v. *Warfield,* 13 Met. 215, to supply the
missing signature of the clerk of court, *Austin* v. *Lamar
Fire Ins. Co.* 108 Mass. 338, or the teste of its chief justice,
*Nash* v. *Brophy,* 13 Met. 476, and to allow the amendment
of an officer's return of service, *Browning-Drake Corp.* v.
*AmerTran Sales Co.* 274 Mass. 545, 548.

The power of the trial court to allow the proposed amend-
ments to the writs could rightly be exercised only for the
purpose of making the records conform to the truth and
not merely to avoid the running of the statute of limita-
tions, *O'Brien* v. *McManama,* 281 Mass. 89; but if the
allowance of the amendments made the records conform

to the truth there was no error in allowing them although by reason of such amendments the plaintiffs were enabled to show that their actions were not barred by the statute of limitations. *Gallagher* v. *Wheeler,* 292 Mass. 547, 550–551. *Johnson* v. *Carroll,* 272 Mass. 134.

The question here is whether the evidence before the trial judge warranted a finding that the writs were in fact filled in by the attorney for the plaintiffs with the date August 21, 1933, on that day, and were delivered on that day by the attorney to a sheriff for service on the defendant. There was evidence that the writs were made out by the plaintiffs' attorney on August 21, 1933, and bore that date; that they were delivered on that day to a deputy sheriff in Worcester with the suggestion that they be served within twenty-four hours and the instruction that they must be served before August 25; that the deputy sheriff made diligent search for the defendant and for his last and usual place of abode but was unable to find the defendant or that he had such a place of abode within the officer's precinct; that the officer returned the writs to the plaintiffs' attorney with a statement to that effect; that on September 29, 1933, the writs were mailed from the office of the plaintiffs' attorney to the deputy sheriffs of Suffolk County with instructions to make service on the registrar of motor vehicles under the provisions of G. L. (Ter. Ed.) c. 90, and that the clerk in the office of the plaintiffs' attorney, who mailed the writs, by mistake and without the knowledge of the attorney erased from the date appearing in the writs the words "August 21" and inserted in place thereof the words "September 29."

The evidence warranted the judge in finding that the amendments sought would make the records conform to the truth and enable the plaintiffs to sustain their actions for the causes for which they were intended to be brought.

*Exceptions overruled.*