GEORGE LAWRENCE, INC. *vs.* ALEXANDER H. BRODIE, JR., & another.

Essex. January 9, 1939. — April 10, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Trust*, Constructive. *Corporation*, Officers and agents. *Fiduciary*. *Equity Jurisdiction*, To reach and apply equitable assets, Remedy at law.

If the president of a corporation caused it to furnish goods to a third person, the price of which the third person promised to pay to the president personally, the president did not hold his claim against the third person upon a constructive trust for the corporation in the absence of anything to show a breach of his fiduciary duty to it in the transaction.

Upon a corporation's furnishing goods at the instance of its president to one who in consideration thereof promised to give certain stock to the president but failed to keep his promise so that he held the goods without consideration, the corporation could not maintain a suit under G. L. (Ter. Ed.) c. 214, § 3 (7) to reach and apply the president's claim against the transferee in payment of its claim against the president because it had an adequate remedy at law by trustee process.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated August 5, 1938.

An interlocutory decree sustaining a demurrer of the defendant Donovan and a final decree dismissing the bill as against him were entered by order of *Burns*, J. The plaintiff appealed.

*J. H. Ramsey*, for the plaintiff.

*E. J. McVey*, for the defendant Donovan, submitted a brief.

Cox, J. The defendant Donovan demurred to the plaintiff's bill in equity, which alleged that the defendant Alexander H. Brodie, Jr., the plaintiff's president (hereinafter referred to as Brodie), agreed with Donovan in 1933 to form a corporation to be known as Lawrence Auto Spring Service, Inc. (hereinafter referred to as the corporation); that Brodie was to receive one half of the stock of the corporation, for which he was to pay in full by furnishing the machinery, equipment, tools, and inventory necessary to start the corporation in business; that in reliance upon the agreement Brodie furnished "to the defendant Donovan the necessary . . . inventory"; that Donovan, who was to cause his attorney to organize the corporation, but never did, operated a business under the name of the corporation for nearly three years. The bill recites further that the plaintiff, at Brodie's direction, furnished Donovan "springs for the original inventory to the value of $701.63," which it charged on its books to the corporation, and that the plaintiff, also at Brodie's direction, furnished Donovan "merchandise to the value of $3,624.26, which it charged on its books to Lawrence Auto Spring Service, Inc." "The plaintiff was informed and believes that the defendant Donovan had undertaken to pay to it said sum of $3,624.26. . . . The defendant Donovan, however, promised to pay said amount, not to the plaintiff which had furnished the consideration therefor, but to the defendant Brodie, and is indebted to the defendant Brodie for said sum and for $701.63 for the original inventory furnished by the plaintiff at the defendant Brodie's direction." There are concluding allegations that Brodie has not paid the plaintiff "said amounts," and that, by reason of his fiduciary relation to the plaintiff "and of the foregoing facts," the defendant

Brodie in equity and good conscience holds his claim against the defendant Donovan upon a trust for the benefit of the plaintiff. The prayers are that the amount of Brodie's indebtedness be established, that the amount owed by Donovan to Brodie be determined, and that Donovan be ordered to pay to the plaintiff the amount so determined.

The demurrer was sustained by interlocutory decree and a final decree was entered dismissing the bill as against Donovan. The plaintiff appealed from both decrees.

The plaintiff states in its brief that "The theory of the bill is that since Brodie was a fiduciary, the plaintiff may be subrogated to his claim against Donovan. That claim was acquired by Brodie through the use of the property of a corporation [the plaintiff] of which he was president. It is submitted that he must hold that claim upon a constructive trust for" that corporation. It is to be assumed that Brodie as president of the plaintiff was a fiduciary bound to the strictest good faith in his official relations with it and with respect to any business dealings between them. He owed it the duty of disclosing all facts known to him relating to the transactions described in the bill which were entered into by it upon his request. See *Baker v. Allen*, 292 Mass. 169, 172. But we find nothing in the bill to indicate that he did not do so. There is no allegation showing a breach of any fiduciary duty, and no basis for the imposition of a constructive trust appears. *Kemp v. Kemp*, 248 Mass. 354, 357. This being so, there is no occasion for the application of the rule that where a plaintiff has an equitable right he may pursue it although he also may have a plain, adequate, and complete remedy at law. *Boston v. Santosuosso*, 298 Mass. 175, 180.

The plaintiff contends, however, that, apart from the question whether a constructive trust can be made out, and although it might sue Brodie in an action at law for the goods furnished "during operation and bring trustee process" against Donovan, nevertheless the springs which the plaintiff furnished for the original "inventory" to the value of $701.63 "was a sale by the plaintiff to Brodie and was by the agreement with Donovan to have been fur-

nished as part payment for Brodie's stock in the corporation." The allegations of the bill are identical, in so far as the plaintiff is concerned, as to the transactions relating to the furnishing of the springs and also of the merchandise. In both instances, according to the bill, the plaintiff furnished the materials to Donovan at the direction of Brodie and charged their value to the corporation. We see no distinction or difference between these transactions, in so far as the plaintiff's right to recover for the value of the merchandise is concerned. But the plaintiff contends that, inasmuch as the springs were furnished under the agreement by which Brodie was to receive stock of the proposed corporation, and inasmuch as Donovan failed and refused to organize the corporation as he had agreed, Brodie's remedy against Donovan is for breach of contract, and that such a claim cannot be reached by trustee process. It is true that the bill recites that Donovan promised to pay Brodie for the merchandise, as distinguished from the springs, "and is indebted to the defendant Brodie for said sum and for $701.63 for the original inventory." It is also true that a general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated, is not an allegation of a distinct substantive fact, and is not admitted on demurrer. *Millard* v. *Baldwin*, 3 Gray, 484, 486. *Hollis* v. *Richardson*, 13 Gray, 392. *Foss* v. *Lowell Five Cents Savings Bank*, 111 Mass. 285, 287. But in the case of *Clair* v. *Colmes*, 245 Mass. 281, 284, where the plaintiff's bill alleged that one of the defendants had misappropriated jewelry of the plaintiff while acting in a fiduciary capacity, and that that defendant "is still indebted to him in the sum of $2,912.85," which was alleged to represent the difference between the value of the jewelry and the dividend that the plaintiff received from the bankruptcy proceedings of that defendant, the court said at page 284, "The specific statement that the defendant 'is still indebted to him in the sum of $2,912.85' must be taken as true, for the purpose of the demurrer." In the case at bar one allegation of the bill is that Brodie, by the terms of the agreement with Donovan,

was to furnish "machinery, equipment, tools, and inventory" in return for one half the stock of the proposed corporation, and, relying upon this agreement, he furnished them. If the plaintiff is seeking to reach and apply Brodie's claim against Donovan for breach of this agreement, the claim obviously is made up of much more than that which results from the fact alleged that certain springs were furnished for the original inventory. We think the bill seeks to reach and apply a debt alleged to be due from Donovan to Brodie, amounting to $701.63, in addition to the alleged debt for the larger sum which represents the value of merchandise furnished. The agreement between Donovan and Brodie was made "in the spring of 1933." Donovan notified Brodie in the latter part of 1934 that he had decided not to form the corporation. This bill was filed on September 6, 1938. The two defendants have been before this court previously in relation to matters arising out of their agreement. See *Brodie* v. *Donovan,* 298 Mass. 69. The bill upon its face is consistent with the theory that, upon Donovan's refusal to abide by his agreement, Brodie elected to treat it as at an end and to treat whatever Donovan had received upon the strength of the agreement as held by him without consideration. *Burk* v. *Schreiber,* 183 Mass. 35, 36. *Plumer* v. *Houghton & Dutton Co.* 281 Mass. 173, 175–176, and cases cited.

We are of the opinion that the bill sets forth no ground for equitable relief against Brodie, and further that if we assume, without deciding, that the plaintiff has stated any valid claim at law against Brodie, nevertheless the allegations of the bill are not sufficient to bring it within the provisions of G. L. (Ter. Ed.) c. 214, § 3 (7), so as to constitute it a bill to reach and apply, in payment of a debt, any property, right, title, or interest, legal or equitable, of the debtor that cannot be reached to be attached or taken on execution in an action at law, for the reason that the plaintiff has an adequate remedy under G. L. (Ter. Ed.) c. 246, by trustee process. *Venable* v. *Rickenberg,* 152 Mass. 64, 66.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*