THOMAS F. MORIARTY, executor, *vs.* ROBERT W. KING, executor.

Hampden.    September 21, 1944. — October 26, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Error, Writ of. Survival of Action. Executor and Administrator*, Survival of action. *Practice, Civil*, Writ, Service of process, Judgment. *Pleading, Civil*, Declaration. *Surety. Bills and Notes*, Indorser. *Contract*, Implied.

By common law apart from any statute, the right to sue out a writ of error survives the death of a party to the original judgment.

The fact that a writ, otherwise in due form, bore a date four days after its return date, which was plainly shown by the officer's return on the writ and the time of its entry to have been a clerical error, did not affect the validity of the writ as the foundation of the action nor deprive the court of jurisdiction, and was not prejudicial error entitling the defendant on a writ of error to reversal of a judgment entered against him by default.

A contention by the executor of a will, plaintiff in error, seeking reversal of a judgment entered against his testate by default, that there was error in that, upon the writ returnable "on the first Monday of August next" but bearing a date four days later than that Monday, a return of service, stating that the officer served the summons in hand upon the defendant "for his appearance at court as within directed," must be construed as meaning that the defendant was summoned to appear on the first Monday of August of the succeeding year, long after the entry of judgment, was not open under an assignment of error merely that the court "was without authority or right in entering judgment on default and issuing execution in said action."

A closing statement of a declaration that "the defendant owes" the plaintiff a certain amount is not in itself a statement of fact justifying a judgment entered for the plaintiff on default of the defendant.

Allegations in a declaration that the plaintiff and the defendant indorsed a note "as joint sureties" for the maker, that the maker neglected to pay the note, and that the plaintiff on demand paid it to the payee, justified a judgment for the plaintiff by default for one half of the amount so paid by him but not for the full amount.

An entry of a judgment by default for an amount twice that justified by the allegations of the declaration was an error on the face of the record which on a writ of error might be corrected by reversing the judgment and, under G. L. (Ter. Ed.) c. 250, § 3, ordering the rendering of a judgment in the correct amount, with costs.

Because of the death of the defendant after the entry of a judgment which, on a writ of error sued out by the executor of his will, was adjudged to have been erroneous in that it was excessive in amount, this court, in directing judgment for the proper amount under G. L. (Ter. Ed.) c. 250, § 3, ordered its entry nunc pro tunc as of the date of the original judgment.

WRIT OF ERROR in the Supreme Judicial Court for the county of Hampden dated June 19, 1943.

Upon return on the writ, the case was reserved and reported by *Qua*, J., without decision.

The case was submitted on briefs.

*G. H. Madsen & A. T. Garvey*, for the plaintiff in error.

*E. H. Lyman, Jr.*, for the defendant in error.

QUA, J.   This writ of error was sued out and is now prosecuted by the executor of the will of Daniel J. Curtis to reverse a judgment recovered in the Superior Court in an action of contract by King as executor of the will of William E. Kneeland against said Curtis in the latter's lifetime.   The judgment was by default for failure to appear and answer.

1. The defendant in error contends that the right to sue out this writ did not survive the death of Curtis, which occurred after the judgment against him but before the filing of the petition for this writ.   The defendant in error argues that a writ of error is a new proceeding separate and apart from the original action in which the judgment is entered; that in general personal causes of action do not survive the death of one of the parties; and that writs of error are not listed in G. L. (Ter. Ed.) c. 228, § 1, as inserted by St. 1934, c. 300, § 1, among the "actions" which survive by virtue of that section "in addition to the actions which survive by the common law."   See also as to survival of causes of action as distinguished from the actions themselves G. L. (Ter. Ed.) c. 230, § 1; *Treasurer & Receiver General* v. *Sheehan*, 288 Mass. 468.

The contention is unsound.   It is true that a writ of error is an independent proceeding distinct from the case in which the judgment was rendered.   *Lee* v. *Fowler*, 263 Mass. 440, 443.   But the right to sue out such a writ is not an original cause of action in the ordinary sense.   Writs of error are

not employed to enforce legal rights in the first instance. They are essentially a part of the mechanism of appellate procedure. They are generally available in common law cases whenever no other appellate machinery exists. Blackstone treats of them in a chapter relating to "Proceedings, in the nature of Appeals." He refers to them as "writs in the nature of appeals" and as "the principal method of redress for erroneous judgments in the king's courts of record." 3 Bla. Com. 405, 411. See Stephen on Pleading, 117, et seq.; 5 Dane's Abr. 55. In this Commonwealth the writ of error seems to have remained "the principal method of redress for erroneous judgments" in common law cases until by St. 1803, c. 94, § 5, and St. 1804, c. 105, § 5, the foundation was laid for our present practice by which bills of exceptions come to this court before judgment. *Endicott, petitioner,* 24 Pick. 339. *New England Novelty Co. Inc. v. Sandberg,* 315 Mass. 739, 752, and cases cited. Although a writ of error assumes in all respects the form of a new action, its purpose and effect are those of an appeal. "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." *Marbury v. Madison,* 1 Cranch, 137, at page 175. It would be incredible that the law should allow a judgment to survive against the estate of a deceased judgment debtor and at the same time withhold from his representatives the established and necessary means of reversing that judgment for error.

We have not found it easy to discover common law decisions precisely in point. The question debated has usually been whether a writ of error actually pending at the time of death survived — a somewhat different question. But the implication is unescapable that the cause of action in error survives.[1] The reasoning in *Porter v. Rum-*

---

[1] Anon. 1 Vent. 353. *Executors of Wright v. Nutt,* 1 T. R. 388. *Kinnaird v. Lyall,* 7 East, 296. *Birch v. Triste,* 8 East, 412, 413. *Clarke v. Rippon,* 1 B. & Ald. 586. 2 Tidd's Prac. (4th Am. ed.) 1163, et seq. *Ex parte, Norris, Stodder & Co.* 2 Ala. 385. *Walpole v. Smith,* 4 Blackf. 151. *Gregg v. Banner,* 2 Harringt. (Del.) 407. There are statements directly in point in 2 Cromp. (3d ed.) 379, 385, and 1 Com. Dig. (5th ed.) 457.

*mery*, 10 Mass. 64, tends to support the proposition that the executor or administrator of any party to a judgment may maintain a writ of error to reverse it. In *White* v. *Palmer*, 4 Mass. 147, an administrator sued out and successfully prosecuted a writ of error to reverse a judgment rendered against his intestate, and in *Hanzes* v. *Flavio*, 234 Mass. 320, this court entertained a writ of error in which one of the plaintiffs was the administrator of the estate of one named as a party to the original action who had died before the rendition of the judgment therein. The point was not discussed in either of the cases last mentioned. That it was understood in our early practice that such a writ could be maintained appears from statements in 5 Dane's Abr. 67, and Howe's Prac. 473. The decision in *Woodward* v. *Skolfield*, 4 Mass. 375, seems to go no farther than to hold that a pending petition for review abated by the death of the petitioner, and does not touch the question of survival of the right to petition. The case of *Grout* v. *Chamberlin*, 4 Mass. 611, was decided upon other grounds and is not in point.

We are clearly of opinion that by the common law apart from any statute the right to sue out a writ of error survives the death of a party to the original judgment.

2. Error is assigned in that the original writ in the Superior Court, which bore date of August 8, 1941, and commanded the officer to summon the defendant to appear "on the first Monday of August next," was actually entered on the first Monday of August, 1941, to wit, August 4 of that year, four days before its date. It is asserted that the date of the writ is the date of the commencement of the action; that therefore the action was entered before it was brought; and that this was contrary to the provisions of G. L. (Ter. Ed.) c. 223, § 22.

We find in this no prejudicial error. The fact that the writ bore a date later than its return day did not affect its validity as the foundation of an action or deprive the court of jurisdiction. The writ was one of summons and attachment in the established form in common use. G. L. (Ter. Ed.) c. 223, §§ 16, 26. It issued out of the clerk's office,

was in the name of the Commonwealth, under the seal of the court, bore test of the chief justice of the Superior Court, to which it was returnable, and was signed by the clerk. It conformed to all requirements of c. 6, art. 5, of the Constitution. It was a process of the court. We think it did not lose its character as a process of the court by reason of an obvious clerical mistake in its date. It is plain that there was such mistake because it appears from the officer's return that on July 18, 1941, he attached a chip as the property of the defendant and on the same day gave to him in hand a summons for his appearance "as within directed," and the writ was entered in court on August 4, 1941. The date of the writ is only prima facie evidence of the time of bringing the action. It may be shown that in fact the action was brought at some other time. *Pierce* v. *Tiernan,* 280 Mass. 180, and cases cited. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353. In this case the record itself shows that the action was necessarily brought at least by July 18, 1941, when the writ was served. *Wheatland* v. *Lovering,* 10 Gray, 16, 17. *Myers* v. *Warren,* 275 Mass. 531, 534. *Parker* v. *Rich,* 297 Mass. 111, 113. *B. M. C. Durfee Trust Co.* v. *Turner,* 299 Mass. 276, 278–279. Therefore it is apparent from the record that August 8, 1941, could not have been the true date when the writ came into existence, and that the writ became effective and the action was brought before the entry.

The plaintiff in error presents a further argument upon a related matter. The officer's return recites that he served the writ by summons in hand to the defendant "for his appearance at Court as within directed." The writ directed the officer to summon the defendant to appear "on the first Monday of August next," and the writ was dated August 8, 1941, which was after the first Monday of August, 1941. It is therefore insisted that the officer's return must be construed as meaning that he summoned the defendant to appear on the first Monday of August, 1942 — long after the date of the judgment. A sufficient answer to this argument is that there is no assignment of error to the effect that the service was inadequate or that the offi-

cer's return failed to show proper service upon which judg-
ment could be entered.  See *Pembroke* v. *Abington*, 2 Mass.
142; *Commonwealth* v. *Sheldon*, 3 Mass. 188; *Peirce* v.
*Adams*, 8 Mass. 383; *Hathaway* v. *Clark*, 7 Pick. 145; *Swan*
v. *Horton*, 14 Gray, 179; *Eliot* v. *McCormick*, 141 Mass.
194; *Silverton* v. *Commonwealth*, 314 Mass. 52; G. L. (Ter.
Ed.) c. 250, § 2.  A general statement that the court "was
without authority or right in entering judgment on default
and issuing execution in said action" would cover any
reason which rendered the judgment erroneous and cannot
be considered an assignment of any particular error.  It is
proper to add that there may well have been no defect in
the service.  The separate summons was the only paper
given to the defendant.  That paper was itself a process of
the court.  G. L. (Ter. Ed.) c. 223, §§ 17, 29.  *Wilbur* v.
*Ripley*, 124 Mass. 468.  The mistake in the date of the writ
may not have been repeated in the date of the summons.
By general rule of this court, dated October 30, 1935, 292
Mass. 593, the separate summons is required to state the
day, month, *and year*, of the return of the writ.  In view of
the facts that the officer served the writ on July 18, 1941,
and that the date of the writ as August 8 was at the time
of the service obviously a mistake, it seems to us not im-
probable that the summons commanded the defendant to
appear on the first Monday of August, 1941, the true date
of the entry of the writ.

Since no question of due service of the writ is properly
presented, the defendant must be deemed to have become
subject to the jurisdiction of the court, and the mistake in
the date of the writ was merely "a defect of form which
might by law have been amended," for which, by reason of
G. L. (Ter. Ed.) c. 250, § 4, the judgment cannot be re-
versed on writ of error.  *Bishop* v. *Donnell*, 171 Mass. 563.
*Nash* v. *Brophy*, 13 Met. 476.  *Kimball* v. *Wilkins*, 2 Cush.
555.  *Fay* v. *Hayden*, 7 Gray, 41.  *Austin* v. *Lamar Fire
Ins. Co.* 108 Mass. 338.  *Hamilton* v. *Ingraham*, 121 Mass.
562.  *Farnum* v. *Aronson*, 253 Mass. 464, 466.  *Perry* v.
*Sapeilo*, 297 Mass. 242, and cases cited.  See *McIniffe* v.
*Wheelock*, 1 Gray, 600.  We think this case distinguishable

from *Bell* v. *Austin*, 13 Pick. 90, where the record showed that the defendant had been summoned to appear on a date after the date when the court was held, and the error was specifically assigned.

3. The declaration in the original action alleged that Central Storage Warehouse, Inc., made a mortgage note payable to one Hyde, a copy of which was annexed; that "the plaintiff" (*sic*) and the defendant "endorsed said note before delivery as joint sureties" for the maker; that the maker neglected to pay the note; that upon demand of the payee the plaintiff paid it; and that the defendant, though requested, refused to make any payment on account thereof. The declaration concludes, "And the plaintiff says that the defendant owes him the amount paid by the plaintiff in payment of said note, and interest." The annexed copy of the note shows the signatures of the plaintiff's testator, Kneeland, and of the defendant in the position of irregular indorsers on the note side by side and not one above the other, the name of the plaintiff's testator being on the left of that of the defendant. Judgment was entered for the plaintiff for the full amount paid by him and interest. The plaintiff in error (executor of the will of the defendant in the original action) assigns as error that the declaration will not support the judgment.

The entry of a judgment by default upon a declaration which does not state facts necessary in law to support the judgment is error on the face of the record which can be corrected by writ of error. *Hollis* v. *Richardson*, 13 Gray, 392. *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381, 400. And the statement at the end of the declaration of a conclusion that the defendant owes the plaintiff the amount paid is not a sufficient statement of facts. *Hollis* v. *Richardson*, 13 Gray, 392, 394. *George Lawrence, Inc.* v. *Brodie*, 302 Mass. 557, 560. But the declaration does contain the allegation that the "plaintiff" (*sic*) and the defendant indorsed the note "as joint sureties" for the maker. Although briefly stated, when read in connection with the other allegations and with the copy of the note, this was a

sufficient allegation of fact as to the nature of the contract of the indorsers. G. L. (Ter. Ed.) c. 231, § 7, clauses Second and Eleventh. *Suffolk Bank* v. *Lowell Bank*, 8 Allen, 355. It was not necessary to set forth the evidence which would be relied upon to prove the allegation. *Willard* v. *Williams*, 7 Gray, 184. *Dolan* v. *Alley*, 153 Mass. 380, 383. *Flye* v. *Hall*, 224 Mass. 528, 529. *Daddario* v. *Pittsfield*, 301 Mass. 552, 555. The allegation that the "plaintiff" (*sic*) and the defendant "endorsed . . . as joint sureties" meant that at least between themselves they had assumed surety obligations of indorsers jointly and not as successive indorsers, whatever the positions of their names on the note might indicate, and that they were cosureties. *Weeks* v. *Parsons*, 176 Mass. 570, 575. *Mansfield* v. *Edwards*, 136 Mass. 15. *Shea* v. *Vahey*, 215 Mass. 80. *Holton* v. *Rose*, 270 Mass. 267. G. L. (Ter. Ed.) c. 107, § 91. The cases just cited also establish the plaintiff's right of contribution in an action at law against the cosurety after the plaintiff has paid more than his share of the joint obligation. It follows that the declaration was sufficient to support a judgment for the plaintiff, but the judgment should have been only for the defendant's proportionate share of the joint liability. *Warner* v. *Morrison*, 3 Allen, 566. *Weeks* v. *Parsons*, 176 Mass. 570, 576. *Putnam* v. *Misochi*, 189 Mass. 421, 422. *Enterprise Brewing Co.* v. *Canning*, 210 Mass. 285, 287. *Quintin* v. *Magnant*, 285 Mass. 450, 451–452. There was error on the face of the record in entering judgment for the plaintiff for more than half of the amount paid by him. The judgment must be reversed.

It is provided by G. L. (Ter. Ed.) c. 250, § 3, that if a judgment is reversed on writ of error "such judgment shall be rendered as the court below should have rendered." This appears to be mandatory. The judgment that the court below should have rendered on the state of the record in that court was a judgment for half the amount of the actual judgment. But such a judgment cannot as of the present time be rendered against the original defendant because of his death. It will therefore be rendered nunc

pro tunc as of the date of the original judgment. *Curran v. Burgess*, 155 Mass. 86. Costs in this court must be added. G. L. (Ter. Ed.) c. 250, § 8.

*Judgment reversed.*

*Judgment to be rendered in favor of Robert W. King, executor of the will of William E. Kneeland, against Daniel J. Curtis as of September 22, 1941, in the amount of $992.57 damages and $10.90 costs, together with the costs in this court.*